UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CLAUDIA THOLL,                                              Civil Action No.: 13 CV 3858
                                                            (JFB)(WDW)
                               Plaintiff,

             -against-                                   **AMENDED ANSWER**


BANK OF AMERICA CORPORATION,
AETNA HEALTH AND LIFE INSURANCE                             DOCUMENT
COMPANY, AND UNITEDHEALTHCARE                               ELECTRONICALLY FILED
INSURANCE COMPANY OF NEW YORK

                               Defendant.
---------------------------------------------------------------X

       Defendant, AETNA LIFE INSURANCE COMPANY, sued here in as Aetna Health and Life Insurance Company, by and through its attorneys, SEDGWICK LLP, as and for its Answer to plaintiff's Complaint dated July 11, 2013, respectfully sets forth the following upon information and belief:

       FIRST:     Denies each and every allegation contained in paragraph "1" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

       SECOND:     Denies each and every allegation contained in paragraph "2" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Bank of America Corporation ("BOA") was and is the sponsor and Plan Administrator of the employee welfare benefit Plans identified in plaintiff's Complaint.

       THIRD:     Denies each and every allegation contained in paragraph "3" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Robert Tholl (the "Decedent") was, for a portion of the time alleged in the Complaint, a participant in the BOA Life Insurance Accidental Death and Personal Loss, Dependants Accidental

Death and Personal Loss Plan (the "Life Plan"), which was underwritten by Aetna and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusion set forth therein.

FOURTH: Denies each and every allegation contained in paragraph "4" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits decedent died on August 19, 2012.

FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "5" of the plaintiff's Complaint.

SIXTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6" of the plaintiff's Complaint.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of the plaintiff's Complaint.

EIGHTH: Denies each and every allegation contained in paragraph "8" of the plaintiff's Complaint, except admits that Aetna was and still is a Connecticut company with a principal place of business located in Hartford, Connecticut and was duly licensed to transact the business of insurance in the State of New York.

NINTH: Denies each and every allegation contained in paragraph "9" of the plaintiff's Complaint, except admits that Aetna was and still is a Connecticut company with a principal place of business located in Hartford, Connecticut and was duly licensed to transact the business of insurance in the State of New York.

TENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of the plaintiff's Complaint.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11" of the plaintiff's Complaint.

TWELFTH: Admits the truth of each and every allegation contained in paragraph "12" of the plaintiff's Complaint.

THIRTEENTH: Denies each and every allegation contained in paragraph "13" of the plaintiff's Complaint, except admits that Aetna was and still is a Connecticut company with a principal place of business located in Hartford, Connecticut and was duly licensed to transact the business of insurance in the State of New York.

FOURTEENTH: Denies each and every allegation contained in paragraph "14" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Aetna issued a group policy of insurance to BOA to fund life and health insurance benefits under the Plan and that Decedent was a participant in the Plan and respectfully refer to the Plan documents for its terms, conditions, limitations and exclusions.

FIFTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

SIXTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16" of the plaintiff's Complaint.

SEVENTEENTH: Denies each and every allegation contained in paragraph "17" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiff's claims kept and maintained by Aetna in the

normal course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein.

EIGHTEENTH: Denies each and every allegation contained in paragraph "18" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court except admits that plaintiff was covered person for a portion of the time alleged in the Complaint.

NINETEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "19" of the plaintiff's Complaint.

TWENTIETH: Denies each and every allegation contained in paragraph "20" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits BOA was the sponsor and Plan Administrator for the Plan.

TWENTY-FIRST: Denies each and every allegation contained in paragraph "21" of the plaintiff's Complaint except admits that Decedent had previously been employed by BOA and that his last day of work for BOA was March 30, 2004.

TWENTY-SECOND: Denies each and every allegation contained in paragraph "22" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits Decedent was for a portion of the time alleged in the complaint, a participant in the Plan, which was underwritten by Aetna and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusion set forth therein.

TWENTY-THIRD: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "23" of the plaintiff's Complaint.

4

TWENTY-FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "24" of the plaintiff's Complaint.

TWENTY-FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "25" of the plaintiff's Complaint.

TWENTY-SIXTH: Denies each and every allegation contained in paragraph "26" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

TWENTY-SEVENTH: Denies each and every allegation contained in paragraph "27" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

TWENTY-EIGHTH: Denies each and every allegation contained in paragraph "28" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

TWENTY-NINTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "29" of the plaintiff's Complaint.

THIRTIETH: Admits the truth of each and every allegation contained in paragraph "30" of the plaintiff's Complaint.

THIRTY-FIRST: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "31" of the plaintiff's Complaint.

THIRTY-SECOND: Denies each and every allegation contained in paragraph "32" of the plaintiff's Complaint, except admits that on October 22, 2012 plaintiff through her attorney, submitted a claim for life insurance benefits to Aetna.

THIRTY-THIRD: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "33" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

THIRTY-FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "34" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

THIRTY-FIFTH: Denies each and every allegation contained in paragraph "35" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiff's claims kept and maintained by Aetna in the normal course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein.

THIRTY-SIXTH: Denies each and every allegation contained in paragraph "36" of the plaintiff's Complaint, except admits no payments were made by Aetna because Decedent was not an eligible participant in the Plan at the time of his death.

THIRTY-SEVENTH: Denies each and every allegation contained in paragraph "37" of the plaintiff's Complaint.

THIRTY-EIGHTH: Denies each and every allegation contained in paragraph "38" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

THIRTY-NINTH: Denies each and every allegation contained in paragraph "39" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTIETH:   Denies each and every allegation contained in paragraph "40" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTY-FIRST:   Denies each and every allegation contained in paragraph "41" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTY-SECOND:   Denies each and every allegation contained in paragraph "42" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTY-THIRD:   Denies each and every allegation contained in paragraph "43" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTY-FOURTH:   Denies each and every allegation contained in paragraph "44" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTY-FIFTH:   Denies each and every allegation contained in paragraph "45" of the plaintiff's Complaint.

FORTY-SIXTH:   Denies each and every allegation contained in paragraph "46" of the plaintiff's Complaint.

FORTY-SEVENTH:   Denies each and every allegation contained in paragraph "47" of the plaintiff's Complaint.

FORTY-EIGHTH:   Denies each and every allegation contained in paragraph "48" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTY-NINTH:   Denies each and every allegation contained in paragraph "49" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

NY/1278077v1

FIFTIETH: Denies each and every allegation contained in paragraph "50" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-FIRST: Denies each and every allegation contained in paragraph "51" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-SECOND: Denies each and every allegation contained in paragraph "52" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-THIRD: Denies each and every allegation contained in paragraph "53" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-FOURTH: Denies each and every allegation contained in paragraph "54" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-FIFTH: Denies each and every allegation contained in paragraph "55" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-SIXTH: Denies each and every allegation contained in paragraph "56" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-SEVENTH: Denies each and every allegation contained in paragraph "57" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-EIGHTH: Denies each and every allegation contained in paragraph "58" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-NINTH: Denies each and every allegation contained in paragraph "59" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

NY/1278077v1

SIXTIETH: Denies each and every allegation contained in paragraph "60" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

SIXTY-FIRST: Denies each and every allegation contained in paragraph "61" of the plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTY-SECOND: This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against Aetna.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SIXTY-THIRD: The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in plaintiff's Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SIXTY-FOURTH: Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Aetna's determination concerning plaintiffs' claims.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SIXTY-FIFTH: Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

SIXTY-SIXTH: Plaintiff's claims fall outside of, or are otherwise defeated by the terms, conditions, limitations and exclusions of the governing ERISA Plan.

NY/1278077v1

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

SIXTY-SEVENTH: Aetna, as claim fiduciary for the subject Plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe any and all disputed or doubtful terms of the policy; and Aetna is deemed to have properly exercised this authority unless it abuses its discretion by action arbitrarily and capriciously. Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb its determination concerning plaintiffs' claims.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

SIXTY-EIGHTH: All actions about which plaintiff complains were either required or permitted by applicable law.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

SIXTY-NINTH: The Court's review of plaintiff's claims against defendant is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Aetna in the regular course of their business.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

SEVENTIETH: Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

SEVENTY-FIRST: Plaintiff's Complaint is deficient because she has failed to join a necessary and indispensible party.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

SEVENTY-SECOND: To the extent necessary, Aetna denies all allegations appearing as topic headings or subheadings in plaintiffs' Complaint.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

SEVENTY-THIRD: Plaintiff's claims against Aetna are barred to the extent that Plaintiff did not exhaust or timely pursue all administrative and/or contractual appeal remedies with Aetna prior to commencement of this action.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

SEVENTY-FOURTH: Plaintiff's Complaint fails to allege the circumstances relating to the claims asserted therein with sufficient particularity to enable defendant to determine whether it may have additional defenses in this action. Therefore, Aetna reserves the right to assert such additional defenses if they later become apparent.

NY/1278077v1

**WHEREFORE**, defendant Aetna prays:

1. That the action be dismissed, or that judgment be entered in favor of defendant, Aetna, and against plaintiffs;

2. that defendant, Aetna, be awarded costs of suit incurred herein;

3. that defendant, Aetna, be awarded reasonable attorney's fees; and

4. that defendant, Aetna, be awarded such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 24, 2013

Respectfully submitted,

__s/_____
Michael H. Bernstein (MB 0579)
SEDGWICK, LLP
*Attorneys for Defendant*
*Aetna Life Insurance Company*
225 Liberty Street, 28th Floor
New York, New York 10281
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

To: Eitan Nof, Esq.
Mandell & Santora
Attorney for Plaintiff
29 Broadway
Lynbrook, NY 11563
(516)599-8866

Beth L. Kaufman, Esq.
Schoeman Updike Kaufman Stern & Ascher, LLP
Attorney for Co-Defendant Bank of America
551 Fifth Avenue
New York, NY 10176
(212) 661-5030
Fax: (212) 687-2123

NY/1278077v1

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **AMENDED ANSWER** was served via ECF and regular mail on September 24, 2013, upon the following:

Eitan Nof, Esq.
Mandell & Santora
Attorney for Plaintiff
29 Broadway
Lynbrook, NY 11563
(516)599-8866

Beth L. Kaufman, Esq.
Schoeman Updike Kaufman Stern & Ascher, LLP
Attorney for Co-Defendant Bank of America
551 Fifth Avenue
New York, NY 10176
(212) 661-5030
Fax: (212) 687-2123

                                                s/
                                     Michael H. Bernstein (MB 0579)

Dated:   New York, New York
            September 24, 2013

NY/1278077v113