Beth L. Kaufman (BK 7809)
Paulette Morgan (PM 9989)
SCHOEMAN UPDIKE KAUFMAN STERN
& ASCHER LLP
551 Fifth Avenue
New York, NY 10176
(212) 661-5030
*Attorneys for Defendant Bank of America Corporation*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLAUDIA THOLL,

                  Plaintiff,

    -against-

BANK OF AMERICA CORP., AETNA
HEALTH AND LIFE INS. CO., and
UNITEDHEALTHCARE INS. CO. of
NEW YORK,

                  Defendants.
------------------------------------------------------------X

Civil Action No. CV-13-3858
ECF Case
JFB/WDW

**ANSWER WITH
AFFIRMATIVE DEFENSES**

       Defendant Bank of America Corporation ("BAC") s/h/a Bank of America Corp., by its attorneys Schoeman Updike Kaufman Stern & Ascher LLP, answers plaintiff's Complaint dated July 11, 2013 (the "Complaint"), and pleads its separate and affirmative defenses, as follows:

       1.    Denies Paragraph 1 of the Complaint because it contains no factual allegations, and states that plaintiff purports to bring this action to recover benefits under the asserted types of Life and Health/Medical/Dental benefit policies and refers all questions of law to the Trial Court for determination.

       2.    Denies the allegations contained in Paragraph 2 of the Complaint, except admits that BAC is the sponsor of certain benefit plans

administered by the respective administrators as provided for therein, that there exists a Bank of America Associate Handbook, as modified at certain times, which document speaks for itself with respect to its contents, and refers all questions of law to the Trial Court for determination.

3. Denies the allegations contained in Paragraph 3 of the Complaint, except admits that plaintiff purports to be the spouse of Robert Tholl, that for a portion of the time alleged in the Complaint, a Robert Tholl made payments of premium amounts for certain types of benefits under certain benefit plans and that payments were required to be made by Robert Tholl in order to be entitled to certain benefits under such benefit plans, that certain of such payments were not timely or fully made, that certain conditions, limitations and exclusions are applicable with respect to the benefit plans, refers to the applicable plan documents for the terms therein, and refers all questions of law to the Trial Court for determination.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, except admits that BAC at some point received information reflecting that Robert Tholl was deceased as of August 19, 2012 and that the name of the spouse of Robert Tholl, to BAC's knowledge, was Claudia Tholl, and refers all questions of law to the Trial Court for determination.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Denies the allegations contained in Paragraph 6 of the Complaint, except admits that Bank of America Corporation is a Delaware Corporation.

7. Denies the allegations contained in Paragraph 7 of the Complaint except admits that Bank of America Corporation is a Delaware Corporation.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Complaint.

12. Neither admits nor denies the statements contained in Paragraph 12 of the Complaint because they are not factual allegations and refers all questions of law to the Trial Court for determination.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Complaint, except admits that BAC is the sponsor of certain benefit plans administered by the respective

administrators as provided for therein, for a portion of the time alleged in the Complaint, a Robert Tholl made payments of premium amounts for certain types of benefits, refers to the applicable plan documents for the terms therein, and refers all questions of law to the Trial Court for determination.

   15. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint.

   16. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint, except admits that BAC is the sponsor of certain benefit plans administered by the respective administrators as provided for therein, for a portion of the time alleged in the Complaint, a Robert Tholl made payments of premium amounts for certain types of benefits, refers to the applicable plan documents for the terms therein, and refers all questions of law to the Trial Court for determination.

   17. Denies the allegations contained in Paragraph 17 of the Complaint and refers all questions of law to the Trial Court for determination.

   18. Denies the allegations contained in Paragraph 18 of the Complaint and refers all questions of law to the Trial Court for determination.

   19. Denies the allegations contained in Paragraph 19 of the Complaint and refers all questions of law to the Trial Court for determination.

   20. Denies the allegations contained in Paragraph 20 of the Complaint, except admits that BAC was the sponsor of certain benefit plans, administered by the administrators as provided for therein.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint and refers all questions of law to the Trial Court for determination.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint and refers all questions of law to the Trial Court for determination.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint and refers all questions of law to the Trial Court for determination.

24. Denies the allegations contained in Paragraph 24 of the Complaint, except admits that BAC is the sponsor of certain benefit plans administered by the respective administrators and the trustee as provided for therein, and that said plans speak for themselves with respect to their contents and their terms, limitations, conditions and exclusions, and refers all questions of law to the Trial Court for determination.

25. Denies the allegations contained in Paragraph 25 of the Complaint except admits that BAC was the sponsor of certain benefit plans and that associates are to receive a copy of the applicable Bank of America Associate Handbook and refers all questions of law to the Trial Court for determination.

26. Denies the allegations contained in Paragraph 26 of the Complaint except admits that BAC is the sponsor of certain benefit plans administered by the respective administrators as provided for therein, refers to the

applicable plan documents for the terms therein, and refers all questions of law to the Trial Court for determination.

 27. Denies the allegations contained in Paragraph 27 of the Complaint and refers all questions of law to the Trial Court for determination.

 28. Denies the allegations contained in Paragraph 28 of the Complaint, except admits that Robert Tholl made some premium payments for certain benefits and refers all questions of law to the Trial Court for determination.

 29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

 30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

 31. Denies the allegations contained in Paragraph 31 of the Complaint except admits that on or about September 10, 2012, correspondence was issued to Robert Tholl, which correspondence speaks for itself with respect to its contents.

 32. Denies the allegations contained in Paragraph 32 of the Complaint and refers all questions of law to the Trial Court for determination.

 33. Denies the allegations contained in Paragraph 33 of the Complaint.

 34. Denies the allegations contained in Paragraph 34 of the Complaint, except admits that at some point in time a letter was received from Mandell & Santora, dated November 27, 2012, in which they asserted they

represented Claudia Tholl, which letter speaks for itself with respect to its contents, and refers all questions of law to the Trial Court for determination

35. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 35 of the Complaint and refers all questions of law to the Trial Court for determination.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

37. Denies the allegations contained in Paragraph 37 of the Complaint and refers all questions of law to the Trial Court for determination.

38. Denies the allegations contained in Paragraph 38 of the Complaint and refers all questions of law to the Trial Court for determination.

39. Denies the allegations of Paragraph 39 of the Complaint, refers to the plan documents, which speak for themselves, for the contents thereof, and refers all questions of law to the Trial Court for determination.

40. Denies the allegations contained in Paragraph 40 of the Complaint and refers all questions of law to the Trial Court for determination.

41. Denies the allegations contained in Paragraph 41 of the Complaint and refers all questions of law to the Trial Court for determination.

42. Denies the allegations contained in Paragraph 42 of the Complaint and refers all questions of law to the Trial Court for determination.

43. Denies the allegations contained in Paragraph 43 of the Complaint and refers all questions of law to the Trial Court for determination.

44. Denies the allegations contained in Paragraph 44 of the Complaint and refers all questions of law to the Trial Court for determination

45. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of the Complaint and refers all questions of law to the Trial Court for determination.

46. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of the Complaint and refers all questions of law to the Trial Court for determination.

47. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of the Complaint and refers all questions of law to the Trial Court for determination.

48. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of the Complaint and refers all questions of law to the Trial Court for determination.

49. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of the Complaint and refers all questions of law to the Trial Court for determination.

50. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of the Complaint and refers all questions of law to the Trial Court for determination.

51. Denies the allegations contained in Paragraph 51 of the Complaint and refers all questions of law to the Trial Court for determination.

52. Denies the allegations contained in Paragraph 52 of the Complaint and refers all questions of law to the Trial Court for determination.

53. Denies the allegations contained in Paragraph 53 of the Complaint and refers all questions of law to the Trial Court for determination.

54. Denies the allegations contained in Paragraph 54 of the Complaint and refers all questions of law to the Trial Court for determination.

55. Denies the allegations contained in Paragraph 55 of the Complaint and refers all questions of law to the Trial Court for determination.

56. Denies the allegations contained in Paragraph 56 of the Complaint and refers all questions of law to the Trial Court for determination.

57. Denies the allegations contained in Paragraph 57 of the Complaint, and to the extent the allegations are a prayer for relief, as to which no response is required, denies that plaintiff is entitled to any of the relief requested.

58. Denies the allegations contained in Paragraph 58 of the Complaint, and to the extent the allegations are a prayer for relief, as to which no response is required, denies that plaintiff is entitled to any of the relief requested.

59. Denies the allegations contained in Paragraph 59 of the Complaint, and to the extent the allegations are a prayer for relief, as to which no response is required, denies that plaintiff is entitled to any of the relief requested.

60. Denies the allegations contained in Paragraph 60 of the Complaint, and to the extent the allegations are a prayer for relief, as to which no response is required, denies that plaintiff is entitled to any of the relief requested.

61. Denies the allegations contained in Paragraph 61 of the Complaint, and to the extent the allegations are a prayer for relief, as to which no response is required, denies that plaintiff is entitled to any of the relief requested.

## GENERAL DENIAL

Defendant BAC denies all allegations and/or legal conclusions set forth in the Complaint that have not been previously specifically admitted or, denied, or for which knowledge or information has been denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint and each separate claim asserted therein fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. BAC fully complied with all obligations, if any, owed Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

4. BAC performed any duties owed plaintiff with reasonable care and did not breach a fiduciary duty to her, if it had any.

**FIFTH AFFIRMATIVE DEFENSE**

5. To the extent any state law claims are made by plaintiff, they are preempted by the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S. C. §1001 *et seq.* (2000).

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's claims are barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**NINTH AFFIRMATIVE DEFENSE**

9. BAC has not acted with willful misconduct.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff has failed to exhaust her administrative remedies and or contractual appeal remedies.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Bank of America Corporation is not a proper party to this action.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff failed to mitigate any damages claimed.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff lacks standing to assert her claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims for relief, to the extent she seeks any relief outside of that authorized by ERISA, are barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims of fiduciary duty against any defendant who is not a fiduciary under ERISA or who did not act in the capacity of a fiduciary under ERISA are barred.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's Complaint is deficient because she has failed to join a necessary and indispensable party.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. The claims for which plaintiff seeks recovery are not payable under the terms of the benefit plans in effect during the time period of the allegations in plaintiff's Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims fall outside of, or are otherwise defeated by the terms, conditions, limitations and exclusions of the governing ERISA plan(s).

### NINETEENTH AFFIRMATIVE DEFENSE

19. All actions about which plaintiff complains were either required or permitted by applicable law.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Fiduciaries under a plan that are granted complete authority to review all denied claims for benefits under the plan and discretionary authority to determine whether and to what extent participants are entitled to benefits and to construe the terms of the plan are deemed to have properly exercised this authority unless acting arbitrarily and capriciously, and such fiduciary's actions were not arbitrary or capricious.

### ADDITIONAL DEFENSES

BAC reserves the right to amend this Answer and assert additional affirmative defenses as the claims of plaintiff are more fully disclosed during this litigation.

WHEREFORE, BAC demands judgment:

1. Dismissing the Complaint;
2. Judgment in its favor for the costs of this action, including but not limited to, attorneys' fees;
3. For a trial by jury on all issues of fact so triable; and
4. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 13, 2013

          SCHOEMAN UPDIKE KAUFMAN STERN
          & ASCHER LLP

By: /s/ Paulette Morgan
          Beth L. Kaufman
          Paulette Morgan
551 Fifth Avenue
New York, New York 10165
(212) 661-5030
bkaufman@schoeman.com
pmorgan@schoeman.com
*Attorneys for Defendant Bank of America Corporation*