UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLAUDIA THOLL,                                 Civil Action No.: 13 CV 3858
                                                         (JFB)(WDW)
                                 Plaintiff,

                           -against-                                          **ANSWER**

BANK OF AMERICA CORPORATION,
AETNA HEALTH AND LIFE INSURANCE           DOCUMENT
COMPANY, AND UNITEDHEALTHCARE             <u>ELECTRONICALLY FILED</u>
INSURANCE COMPANY OF NEW YORK

                                 Defendant.
------------------------------------------------------------X

         Defendant, UNITED HEALTHCARE INSURANCE COMPANY incorrectly sued herein as United Healthcare Insurance of New York ("United"), by and through its attorneys, SEDGWICK LLP, as and for its Answer to plaintiff's Complaint dated July 11, 2013, respectfully sets forth the following upon information and belief:

         FIRST:      Denies each and every allegation contained in paragraph "1" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

         SECOND:      Denies each and every allegation contained in paragraph "2" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Bank of America Corporation ("BOA") was and is the sponsor and Plan Administrator of the employee welfare benefit Plans identified in plaintiff's Complaint.

         THIRD:      Denies each and every allegation contained in paragraph "3" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Robert Tholl (the "Decedent") was, for a portion of the time alleged in the Complaint, a participant in the BOA Life Insurance Accidental Death and Personal Loss, Dependants Accidental

Death and Personal Loss Plan (the "Life Plan"), which was underwritten by Aetna and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusion set forth therein.

FOURTH: Denies each and every allegation contained in paragraph "4" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits the Decedent died on August 19, 2012.

FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "5" of the plaintiff's Complaint.

SIXTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6" of the plaintiff's Complaint.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of the plaintiff's Complaint.

EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "8" of the plaintiff's Complaint.

NINTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9" of the plaintiff's Complaint.

TENTH: Denies each and every allegation contained in paragraph "10" of the plaintiff's Complaint, except admits that it is insurance company licensed to issue health insurance in the State of New York.

ELEVENTH: Denies each and every allegation contained in paragraph "11" of the plaintiff's Complaint, except admits that it is insurance company licensed to issue health insurance in the State of New York.

TWELFTH: Admits the truth of each and every allegation contained in paragraph "12" of the plaintiff's Complaint.

THIRTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

FOURTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14" of the plaintiff's Complaint.

FIFTEENTH: Denies each and every allegation contained in paragraph "15" of the plaintiff's Complaint, except admits that United was and still is a New York company was duly licensed to transact the business of insurance in the State of New York.

SIXTEENTH: Denies each and every allegation contained in paragraph "16" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that United administers claims for health insurance benefits under the Plan, that Decedent was a participant in the Plan and respectfully refers to the Plan documents for its terms, conditions, limitations and exclusions.

SEVENTEENTH: Denies each and every allegation contained in paragraph "17" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiff's claims kept and maintained by United in the

normal course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein.

EIGHTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "18" of the plaintiff's Complaint.

NINETEENTH: Denies each and every allegation contained in paragraph "19" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court except admits that plaintiff was enrolled in the Plan for a portion of the time alleged in the Complaint.

TWENTIETH: Denies each and every allegation contained in paragraph "20" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits BOA was the sponsor and Plan Administrator for the Plan.

TWENTY-FIRST: Denies each and every allegation contained in paragraph "21" of the plaintiff's Complaint except admits that Decedent had previously been employed by BOA and that his last day of work for BOA was March 30, 2004.

TWENTY-SECOND: Denies each and every allegation contained in paragraph "22" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits Decedent was for a portion of the time alleged in the Complaint, a participant in the Plan, which claims are administered by United and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusion set forth therein.

TWENTY-THIRD: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "23" of the plaintiff's Complaint.

4

TWENTY-FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "24" of the plaintiff's Complaint.

TWENTY-FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "25" of the plaintiff's Complaint.

TWENTY-SIXTH: Denies each and every allegation contained in paragraph "26" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

TWENTY-SEVENTH: Denies each and every allegation contained in paragraph "27" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

TWENTY-EIGHTH: Denies each and every allegation contained in paragraph "28" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

TWENTY-NINTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "29" of the plaintiff's Complaint.

THIRTIETH: Admits the truth of each and every allegation contained in paragraph "30" of the plaintiff's Complaint.

THIRTY-FIRST: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "31" of the plaintiff's Complaint.

THIRTY-SECOND: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "32" of the plaintiff's Complaint.

DOCS/18098600v1

THIRTY-THIRD: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "33" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

THIRTY-FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "34" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

THIRTY-FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "35" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

THIRTY-SIXTH: Denies each and every allegation contained in paragraph "36" of the plaintiff's Complaint, except admits no payments were made by United because Decedent was not an eligible participant in the Plan at the time he received services from the medical provider.

THIRTY-SEVENTH: Denies each and every allegation contained in paragraph "37" of the plaintiff's Complaint.

THIRTY-EIGHTH: Denies each and every allegation contained in paragraph "38" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

THIRTY-NINTH: Denies each and every allegation contained in paragraph "39" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTIETH: Denies each and every allegation contained in paragraph "40" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTY-FIRST:	Denies each and every allegation contained in paragraph "41" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTY-SECOND:	Denies each and every allegation contained in paragraph "42" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTY-THIRD:	Denies each and every allegation contained in paragraph "43" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTY-FOURTH:	Denies each and every allegation contained in paragraph "44" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTY-FIFTH:	Denies each and every allegation contained in paragraph "45" of the plaintiff's Complaint.

FORTY-SIXTH:	Denies each and every allegation contained in paragraph "46" of the plaintiff's Complaint.

FORTY-SEVENTH:	Denies each and every allegation contained in paragraph "47" of the plaintiff's Complaint.

FORTY-EIGHTH:	Denies each and every allegation contained in paragraph "48" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTY-NINTH:	Denies each and every allegation contained in paragraph "49" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTIETH:	Denies each and every allegation contained in paragraph "50" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-FIRST: Denies each and every allegation contained in paragraph "51" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-SECOND: Denies each and every allegation contained in paragraph "52" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-THIRD: Denies each and every allegation contained in paragraph "53" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-FOURTH: Denies each and every allegation contained in paragraph "54" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-FIFTH: Denies each and every allegation contained in paragraph "55" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-SIXTH: Denies each and every allegation contained in paragraph "56" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-SEVENTH: Denies each and every allegation contained in paragraph "57" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-EIGHTH: Denies each and every allegation contained in paragraph "58" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-NINTH: Denies each and every allegation contained in paragraph "59" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

SIXTIETH: Denies each and every allegation contained in paragraph "60" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

SIXTY-FIRST: Denies each and every allegation contained in paragraph "61" of the plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTY-SECOND: This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against United.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SIXTY-THIRD: The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in plaintiff's Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SIXTY-FOURTH: United's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb United's determination concerning plaintiffs' claims.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SIXTY-FIFTH: Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

SIXTY-SIXTH: Plaintiff's claims fall outside of, or are otherwise defeated by the terms, conditions, limitations and exclusions of the governing ERISA Plan.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

SIXTY-SEVENTH: United, as claim fiduciary for the subject Plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe any and all disputed or doubtful terms of the policy; and United is deemed to have properly exercised this authority unless it abuses its discretion by action arbitrarily and capriciously. United's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb its determination concerning plaintiffs' claims.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

SIXTY-EIGHTH: All actions about which plaintiff complains were either required or permitted by applicable law.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

SIXTY-NINTH: The Court's review of plaintiff's claims against United is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by United in the regular course of their business.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

SEVENTIETH: Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

SEVENTY-FIRST: Plaintiff's Complaint is deficient because she has failed to join a necessary and indispensible party.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

SEVENTY-SECOND: To the extent necessary, United denies all allegations appearing as topic headings or subheadings in plaintiffs' Complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

SEVENTY-THIRD: Plaintiff's claims against United are barred to the extent that Plaintiff did not exhaust or timely pursue all administrative and/or contractual appeal remedies with United prior to commencement of this action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

SEVENTY-FOURTH: Plaintiff's Complaint fails to allege the circumstances relating to the claims asserted therein with sufficient particularity to enable defendant to determine whether it may have additional defenses in this action. Therefore, United reserves the right to assert such additional defenses if they later become apparent.

**WHEREFORE**, defendant United prays:

1. That the action be dismissed, or that judgment be entered in favor of defendant, United, and against plaintiff;

2. that defendant, United, be awarded costs of suit incurred herein;

3. that defendant, United, be awarded reasonable attorney's fees; and

4. that defendant, United, be awarded such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        November 27, 2013

Respectfully submitted,

s/ Michael H. Bernstein
Michael H. Bernstein (MB 0579)
SEDGWICK, LLP
*Attorneys for Defendant*
*United Healthcare Insurance Company*
225 Liberty Street, 28th Floor
New York, New York 10281
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

To:  Eitan Nof, Esq.
     Mandell & Santora
     Attorney for Plaintiff
     29 Broadway
     Lynbrook, NY 11563
     (516)599-8866

     Beth L. Kaufman, Esq.
     Schoeman Updike Kaufman Stern & Ascher, LLP
     Attorney for Co-Defendant Bank of America
     551 Fifth Avenue
     New York, NY 10176
     (212) 661-5030
     Fax: (212) 687-2123

## **CERTIFICATE OF SERVICE**

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** was served via ECF on November 27, 2013, upon the following:

Eitan Nof, Esq.
Mandell & Santora
Attorney for Plaintiff
29 Broadway
Lynbrook, NY 11563
(516)599-8866

Beth L. Kaufman, Esq.
Schoeman Updike Kaufman Stern & Ascher, LLP
Attorney for Co-Defendant Bank of America
551 Fifth Avenue
New York, NY 10176
(212) 661-5030
Fax: (212) 687-2123

                                           s/ Michael H. Bernstein
                                           Michael H. Bernstein (MB 0579)

Dated:   New York, New York
            November 27, 2013